IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAMI SLIM,

        Plaintiff,

v.          Case No. 25-1195-JWB

COX COMMUNICATIONS, INC.,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's objection to Magistrate Judge Brooks G. Severson's report and recommendation ("R&R") denying him leave to proceed in forma pauperis ("IFP"). (Docs. 6, 8.) Plaintiff's objection was timely filed on October 3, 2025, nine days after Judge Severson entered her September 24 order. (*Id.*) After review, the court ADOPTS the magistrate judge's R&R (Doc. 6) and DENIES Plaintiff's motion for leave to proceed in forma pauperis. (Doc. 3.)

On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . .'").

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on his behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

An "application to proceed in forma pauperis should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008). To prevail on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). When one's "monthly income exceeds his monthly expenses by a few hundred dollars[,]" then he has "sufficient income to pay the filing fees[.]" *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002).

Plaintiff has failed to meet the in forma pauperis standard here. As the magistrate judge explained, Plaintiff's filings show a substantial balance in his checking account. (Doc. 5 at 4.) Even if large portions of this cash are allocated to other expenses, such as repairing his home's foundation or paying his tuition, the court finds that there is enough money available to pay the filing fee of $405. (*Id.* at 3, 4.) Even accounting for his lack of monthly income due to his unemployment, Plaintiff has relatively mild monthly expenses that the court finds do not substantially impede his ability to pay the filing fee. (*Id.* at 5.)

Plaintiff's objection to the magistrate judge's R&R does little to direct the court to information that might warrant IFP status. (Doc. 8.) The objection filing reiterates the points made in Plaintiff's supplemental disclosures made with his original motion. (Doc. 5.) While the court sympathizes with Plaintiff's financial situation, it is not so dire as to deny him access to justice if his motion is denied.

3

Accordingly, the court ADOPTS the magistrate judge's R&R and DENIES Plaintiff's motion for leave to proceed in forma pauperis. (Docs. 6, 8.) Plaintiff shall pay the filing fee within 30 days of the date of this order. If the fee is not paid, this matter will be dismissed without prejudice.

IT IS SO ORDERED. Dated this 19th day of November, 2025.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE