**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **RAMI SLIM,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**COX COMMUNICATIONS, INC., and COX COMMUNICATIONS KANSAS, L.L.C.,**<br><br>**Defendants.** | **Case No. 6:25-cv-01195-JMK-BGS** |

**MEMORANDUM AND ORDER**

This is an employment discrimination action brought by pro se Plaintiff Rami Slim under 42 U.S.C. § 2000e (Title VII of the Civil Rights Act of 1964, hereinafter "Title VII") and K.S.A 44-1001 (Kansas Act Against Discrimination, hereinafter "KAAD"). Slim seeks to recover against Defendants Cox Communications, Inc., and Cox Communications Kansas, L.L.C. (collectively "Cox"), for discrimination and retaliation he experienced while working for Cox. Cox has filed a Motion for Sanctions under Federal Rule of Civil Procedure 11(c) and a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5). Cox also moves to strike Slim's consolidated surreply to both motions. The Court grants Cox's motion to strike because the surreply was filed without leave from the Court. The Court denies Cox's motion under Rule 11(c), because Slim's continued prosecution of this case does not rise to the level of sanctions. But the Court dismisses Slim's Title VII claims because the record conclusively established that they are untimely. Finally, the Court declines to exercise supplemental jurisdiction over Slim's KAAD claim and denies Cox's Rule 12(b)(5) motion to dismiss as moot.

## I. BACKGROUND

Slim worked for Cox from about August 7, 2023, until June 28, 2024. Doc. 12 at ¶¶ 7, 21. Slim alleges that his Cox supervisors harassed, discriminated, and retaliation against him. *Id.* at ¶¶ 11–21. Slim filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 21, 2025. Doc. 12 at ¶ 22; Doc. 35-1 at 71. The EEOC charge was dual filed with the Kansas Human Rights Commission ("KHRC"). Doc. 35-1 at 16. The KHRC informed Slim that the charge was untimely under the KAAD. *Id.* After investigating Slim's case, the EEOC closed the charge and issued Slim a Notice of Rights on May 27, 2025, notifying Slim that he had 90 days to sue Cox. *Id.* at 70–71. Slim filed this action 93 days later on August 28, 2025. *See* Doc. 1.

This case was filed pro se and Slim is currently proceeding pro se, but for a brief interlude, Slim was represented. Before the original Complaint was served, an attorney entered his appearance for Slim and filed an Amended Complaint. Docs. 10–12. Cox filed a Motion to Dismiss Slim's Amended Complaint, arguing insufficient service under Rule 12(b)(5). Doc. 16. Shortly after filling its Motion to Dismiss, Cox informed Slim's counsel that Slim's lawsuit was filed 93 days after the notice was issued and asked Slim to dismiss with prejudice or provide a good faith basis for continuing to prosecute the lawsuit. Doc. 35-2 at 5–6. After some back and forth between attorneys, Slim's counsel moved to withdraw his appearance. Doc. 21. That motion was granted, and Slim was pro se once again. Doc. 28.

Cox then moved for sanctions against Slim under Federal Rule of Civil Procedure 11(c), asserting that this lawsuit was knowingly frivolous because Slim refused to dismiss his claims after being notified that they were untimely and because there was no good faith basis for his refusal. Slim later filed a surreply to Cox's 11(c) and 12(b)(5) motions which Cox has moved to strike.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11 mandates that every pleading, written motion, or other paper presented to the Court must be signed by the submitting party. By presenting signed documents to the Court, the submitting party certifies to the best of their knowledge, information, and belief, formed after reasonable inquiry that (1) the documents are not presented for improper purpose; (2) the legal contentions are warranted by existing law or by a nonfrivolous argument for changing existing law and/or establishing new law; (3) the factual contentions have or will likely have evidentiary support; and (4) denials of factual contentions are warranted by the evidence or based on reasonable belief or lack of information. Fed. R. Civ. P. 11(b). The Court may impose sanctions for violation of this certification. Fed. R. Civ. P. 11(c).

## III. ANALYSIS

### A. Cox's Motion to Strike Slim's surreply is granted.

The Court's rules allow for a motion, a response to a motion by the opposing party, and a reply to the response by the proponent of the motion. D. Kan. R. 7.1(c). A surreply requires leave from the Court. *See Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004) ("Surreplies are permitted in rare cases, but not without leave of court.") (citing *Humphries v. Williams Nat. Gas Co.*, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998)); *see also* D. Kan. R. 15.1. Slim filed his surreply to Cox's Motion to Dismiss and Motion for Sanctions without ever having sought the Court's leave. Doc. 45. Because Slim did not seek or obtain leave from the Court to file a surreply to the motions, the Court grants Cox's motion to strike.

### B. Slim's Title VII claims are not timely.

Cox also moves for sanctions against Slim under Federal Rule of Civil Procedure 11, arguing that Slim's Title VII claims are not warranted by existing law because they are time-barred. The sanction sought by Cox is dismissal of Slim's Amended Complaint and an award of attorney's

fees. Doc. 35 at 5–6. In its Motion for Sanctions, Cox asserts that it had only recently received the EEOC file through a FOIA request, and that it would have raised the untimeliness defense with its Motion to Dismiss had it been aware of the defect. Doc. 35.

Title VII is an anti-discrimination statute that prohibits employers from engaging in certain unlawful employment practices. *See generally* 42 U.S.C. § 2000e-2. Before filing an employment discrimination suit in federal court under Title VII, a plaintiff must exhaust administrative remedies. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). To exhaust administrative remedies under Title VII, a plaintiff must file a timely charge with the EEOC. 42 U.S.C. § 2000e-5(e)(1), (f)(1). After the charge is filed, the EEOC will begin investigative procedures and decide if and how it may choose to proceed against the employer. 42 U.S.C. § 2000e-5(f).

Once the EEOC has concluded its procedures, or if it has not filed an action within the statutorily prescribed period, the aggrieved party may sue in court, subject to a 90-day time limit. 42 U.S.C. § 2000e-5(f)(1); *see also Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996); Doc. 35-1 at 2 ("your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice"). The 90-day limit functions like a statute of limitations, barring untimely claims. *Panicker v. Compass Grp. U.S.A.*, 712 F. App'x 784, 785 (10th Cir. 2017). The 90-day time limit is also subject to waiver, estoppel, and equitable tolling. *Id.*

Cox asserts that the EEOC issued its Notice to Slim on May 27, 2025, and that Slim received and downloaded the Notice on the same day. Doc. 35 at 1–2; *see also* Doc. 35-1 at 2, 87. And so, Cox argues that Slim had until August 25, 2025, to file his Complaint and that his filing on August 28, 2025—93 days after the EEOC Notice was issued—is untimely. Doc. 35 at 2. Cox argues that Slim's failure to voluntarily dismiss his lawsuit after receiving notice of the

untimeliness of his claims warrants sanctions. *Id.* at 2–3. Slim does not dispute that his claim was untimely, but argues that he believed that the three-day mailing rule applied to his claim because of the advice of prospective counsel and that his good faith reliance on that advice justifies equitable tolling. Doc. 39 at 2–6.

**1. Because the date on which Slim received his EEOC Notice is undisputed, the three-day mailing rule is not applicable.**

The three-day, or five-day, mailing rule is a rebuttable presumption recognized by the Tenth Circuit when the receipt date for an EEOC right-to-sue letter is unknown or disputed. *Gardenhire v. Solomon Corp.*, 2019 WL 2409610, at *2 (D. Kan. June 7, 2019). The rule permits a plaintiff to file his claim up to three, or five, days after the 90-day deadline. *Id.* But the mailing rule's presumption of receipt arises when there is evidence that the notice was placed in care of the postal service. *See Lombardi v. Advantage Logistics USA W., LLC*, 2012 WL 2319094, at *2 (D. Colo. June 19, 2012) (quoting *Witt v. Roadway Exp.*, 136 F.3d 1424, 1429–30 (10th Cir. 1998)).

Slim does not argue that the notice was mailed to him or that he did not download the notice on May 27, 2025. *See generally* Doc. 39. Instead, Slim asserts that he believed his deadline to file his lawsuit was August 28, 2025, because a paralegal at a prospective law firm told him that the three-day mailing rule extended his deadline to file suit. Doc. 39 at 1–2. But because the receipt date of the notice is not "unknown or disputed," the three-day mailing rule does not apply to Slim's claim. *See Gardenhire*, 2019 WL 2409610, at *2; *see also* Doc. 39; Doc. 35-1 at 2, 87. Slim's Title VII claims are untimely. Slim recognizes as much in his response to Cox's Motion for Sanctions where he states that his "only 'error' was trusting a law firm that gave him incorrect legal advice." Doc. 39 at 6. Which leads to the next issue: Slim argues that his detrimental reliance on the paralegal's incorrect advice warrants tolling of the 90-day deadline for filing his Title VII claim.

**2. Equitable tolling cannot save Slim's untimely lawsuit against Cox.**

Given Slim's pro se status, the Court construes his equitable tolling argument liberally. *See Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) ("Pro se pleadings are to be construed liberally."). But "[e]quitable tolling is granted sparingly." *Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018) (quoting *Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1246 (10th Cir. 2012)). A litigant seeking equitable tolling must establish that he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way. *Id.* (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 556 U.S. 221, 227 (2012)).

In the context of employment discrimination cases, "[e]quitable tolling is appropriate only where the employer has committed 'active deception' lulling a plaintiff into inaction." *Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975, 988 (10th Cir. 2021); *see also Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). Typically, equitable tolling applies only when the deception or inequitable conduct is attributable to the defendant that would benefit from the running of the applicable time limit. *E.g.*, *Collins v. Tomasi*, 2026 WL 2794705, at *7 (D. Kan. Sept. 18, 2026); *Berry v. Barnhart*, 2003 WL 1906394, at *3 (D. Kan. Apr. 8, 2003). Simple excusable neglect is not sufficient to meet that standard. *United States v. Halcrombe*, 700 F. App'x 810, 815 (10th Cir. 2017); *see also Holland v. Florida*, 560 U.S. 631, 651–52 (2010) (stating that a garden variety claim of excusable neglect such as a simple miscalculation that leads to missing a filing deadline does not warrant equitable tolling).

Slim does not allege that Cox misled him in any way. *See generally* Doc. 39. Instead, Slim asserts that he diligently sought representation and that a paralegal employed by his prospective counsel incorrectly advised him that the three-day mailing rule would extend the filing deadline. *Id.* at 2–3. And so, Slim argues that his good faith reliance on that advice warrants equitable tolling of his filing deadline. *See* Doc. 39 at 2, 5. But the Tenth Circuit has repeatedly affirmed denials of

requests to extend equitable tolling to misconduct or misinformation by a party's own counsel. *See, e.g.*, *Hall v. United Parcel Serv., Inc.*, 101 F. App'x 764, 765–66 (10th Cir. 2004) ("Mere attorney negligence does not justify equitable tolling.") (quoting *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)); *see also Benson v. Bridgestone/Firestone, Inc.*, 2006 WL 984926, at *2 n.1 (10th Cir. Apr. 14, 2006); *Gripe v. City of Enid*, 312 F.3d 1184, 1189 (10th Cir. 2002).

Slim does not allege any deception by Cox; he alleges only negligence by his prospective counsel's paralegal. That falls short of the "high bar" to clear for equitable estoppel to save his untimely suit. *Edmonds-Radford*, 17 F.4th at 988; *Hall*, 101 F. App'x at 765 (emphasizing the need for deception by either a past employer, government agencies, or the courts).

**3. Because Slim put forth good faith arguments in support of his claim for equitable estoppel, Rule 11 sanctions are not appropriate.**

The untimeliness of Slim's Title VII claims comes to the Court in a strange posture. That argument was not raised in a motion to dismiss; it was raised in a motion for sanctions under Rule 11. And the briefs and exhibits from both parties establish, definitively, that Slim's Title VII claims are time-barred. But the fact that Slim's arguments are unsuccessful does not mean his arguments are sanctionable. *See McGregot v. Shane's Bail Bonds*, 2010 WL 3155635, at *17 (D. Kan. Aug. 9, 2010) ("[P]arties will inevitably advance losing arguments that do not necessarily warrant sanctions.").

Rule 11 prohibits claims not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). But "Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss [or] . . . a motion for summary judgment." 5A Wright & Miller, Federal Practice & Procedure § 1335 (4th ed. 2026). And "[r]ule 11 sanctions should not deter a party from making a reasonable, although

unprecedented, application of the law to a novel factual background." *Thomas v. City of Baxter Springs*, 2006 WL 644489, at *2 (D. Kan. Mar. 10, 2006).

The Rule 11 "objective reasonableness standard 'applies whether the person against whom sanctions are sought is an attorney, a pro se litigant, or both,'" but the Court "may consider a litigant's pro se status when determining whether to impose Rule 11 sanctions." *Cowan v. Bisignano*, 2026 WL 1122575, at *2 n.1 (D. Kan. Mar. 17, 2026) (quoting *Rasmussen v. Burnett*, 2025 WL 808364, at *2 (D. Colo. Mar. 12, 2025)). It was neither frivolous nor patently unreasonable for Slim—a pro se litigant—to rely on mistaken advice about the three-day rule or to believe that equitable tolling could apply to the facts as he presents them.

**C. Because Slim's Title VII claims are time-barred, the Court dismisses them.**

The key question, then, is whether this atypical briefing posture requires the Court to ignore the time-barred nature of Slim's claims simply because that argument was advanced in a Rule 11 motion instead of a Rule 12 or Rule 56 motion. The Court finds that it does not. *See* Fed. R. Civ. P. 1.

The Court cannot, and does not, raise the issue of Slim's untimely filing sua sponte. *United States v. Mitchell*, 518 F.3d 740, 748 (10th Cir. 2008). But dismissal based on a statute of limitations is appropriate if such a defect is clear and the plaintiff has had notice and an opportunity to be heard on the matter. *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009). Cox raised the statute of limitations defense in its Rule 11 motion, which provided Slim with notice and opportunity to be heard on that issue. *See Bylin v. Billings*, 568 F.3d 1224, 1228 n.6 (10th Cir. 2009).[1] Slim was heard: his arguments about the three-day rule and equitable estoppel have been

---

[11] Cox's failure to raise the timeliness issue in its initial motion to dismiss does not constitute waiver of that argument. *See Lawson v. Okmulgee Cnty. Crim. Just. Auth.*, 726 F. App'x 685, 692 n.3 (10th Cir. 2018); *Van Tu v. Koster*, 364 F.3d 1196, 1200 (10th Cir. 2004).

considered in full. And although Slim's continued prosecution does not violate Rule 11, his claims are untimely. *Abraham v. Gold Crown Mgmt. LLC*, 2019 WL 174973, at *3 (D. Kan. Jan. 11, 2019) ("If a plaintiff does not bring a lawsuit within 90 days after receiving the right to sue letter, plaintiff's claims are time-barred.") (citing *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1161 (10th Cir. 2018)); *see also Warren v. Kan. City Kan. Public Schools*, 2026 WL 63443, at *2 (D. Kan. Jan. 8, 2026) (citing *Smith*, 904 F.3d at 1161). Slim does not dispute that he failed to file his lawsuit within 90 days of receipt of the EEOC Notice; his arguments for equitable tolling are not rooted in precedent. Because the undisputed record establishes that Slim's Title VII claims are time-barred, the Court dismisses them.

**D. The Court declines to exercise supplemental jurisdiction over Slim's KAAD claim.**

Having dismissed Slim's Title VII claims, all that remains is Slim's KAAD claim. Under 28 U.S.C. § 1367, a federal court may exercise supplemental jurisdiction over state law claims that are part of the same case or controversy as claims over which it has original jurisdiction. But, "a district court may decline to exercise supplemental jurisdiction over a state law claim if, among other reasons, it has 'dismissed all claims over which it has original jurisdiction.'" *Tufaro v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, 107 F.4th 1121, 1141 (10th Cir. 2024) (quoting 28 U.S.C. § 1367(c)(3)). The decision to exercise supplemental jurisdiction is discretionary. *N.M. Trappers Ass'n v. Torrez*, 178 F.4th 561, 571 (10th Cir. 2026).

The Court has dismissed all claims over which it has original jurisdiction and, although Cox seeks dismissal of all claims, it dedicates little analysis to Slim's KAAD claim. At this early juncture in the litigation, the Court declines to exercise supplemental jurisdiction over it rather than rule on its merits. Slim's KAAD claim is dismissed without prejudice.

**E. Cox's Motion to Dismiss is denied as moot.**

Cox has also filed a motion to dismiss for insufficient service of process under Rule 12(b)(5), arguing that Slim failed to timely serve the summons and complaint on Cox. Doc. 16; Doc. 17 at 1–2. Having already dismissed all claims in this action, the Court denies Cox's Motion to Dismiss as moot. *See Zesiger v. Bd. of Cnty. Comm'rs of Leavenworth Cnty.*, 2026 WL 710098, at *4 (D. Kan. Mar. 13, 2026); *see also ORI, Inc. v. Lanewala*, 147 F. Supp. 2d 1069, 1084 (D. Kan. 2001).

**F. The Court cautions Slim against filing briefs before verifying the accuracy of his citations.**

Finally, the Court notes that Slim has cited to cases which the Court has been unable to locate. *See, e.g.*, Doc. 39 at 5 (citing to *In re Rorebeck*, 182 B.R. 326, 334 (Bankr. N.D. Okla. 1995) and *United States v. Associated Constr. & Eng'g Co.*, 34 F.R.D. 20, 21 (D. Md. 1963)). It is "well-known in the legal community that AI resources generate fake cases." *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 497 (D. Wyo. 2025); *see also Lexos Media IP, LLC v. Overstock.com, Inc.*, 2026 WL 265581, at *2–7 (D. Kan. Feb. 2, 2026); *Kirby v. Nelnet, Inc. (In re Kirby)*, 2026 Bankr. LEXIS 269, at *3 (Bankr. D. Kan. Jan. 15, 2026). This misuse of AI would be an alternative ground for dismissal of Slim's claims. *Moore v. City of Del City*, 2025 WL 3471341, at *3 (10th Cir. Dec. 3, 2025); *see also Dodds v. Bridges*, 2026 WL 380194, at *6 (10th Cir. Feb. 11, 2026); *Biglow v. Dell Tech. Inc.*, 2026 WL 813756, at *8 (10th Cir. Mar. 24, 2026). The Court reminds Slim of his responsibility to ensure that citations to legal authority are not fabrications but instead point to real cases that stand for the propositions for which they are cited.

## IV. CONCLUSION

The undisputed record and Slim's own concessions both confirm that his Title VII claims are untimely. For this reason, the Court dismisses those claims with prejudice and declines to exercise supplement jurisdiction over Slim's state law claims.

THE COURT THEREFORE ORDERS that Cox's Motion for Sanctions (Doc. 34) is DENIED. Because, however, Slim's Title VII claims fail to state a claim upon which relief can be granted, the Court DISMISSES Counts I and II of the Amended Complaint (Doc. 12) WITH PREJUDICE. The Court declines to exercise supplemental jurisdiction over Slim's KAAD claim and DISMISSES Count III of the Amended Complaint (Doc. 12) WITHOUT PREJUDICE.

THE COURT FURTHER ORDERS that Cox's Motion to Dismiss (Doc. 16) is DENIED AS MOOT.

THE COURT FURTHER ORDERS that Cox's Motion to Strike (Doc. 46) is GRANTED.

This case is closed.

IT IS SO ORDERED.

Dated: October 6, 2026

s/ Jeffrey M. Kuhlman
JEFFREY M. KUHLMAN
UNITED STATES DISTRICT JUDGE